IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Case No. 4:97-cr-00345-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Anthony Joe Williamson | ) | |
| | ) | |
| _____ | ) | |

On August 8, 2012, Anthony Joe Williamson (the "defendant") petitioned this Court to recommend to the Federal Bureau of Prisons ("BOP") that it grant the defendant early release, pursuant to 18 U.S.C. § 3621(e), upon his completion of the BOP's Residential Drug Abuse Program ("RDAP"). (ECF No. 70). As an exhibit to his petition, the defendant submitted a copy of a RDAP Administrative Note, dated July 12, 2012, finding him provisionally ineligible for early release because of his prior state court conviction of accessory after the fact of murder. (ECF No. 70-2).

By way of background, Congress has authorized the BOP to implement drug abuse treatment programs for its prisoners. 18 U.S.C. § 3621(b). Accordingly, the BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of RDAP, "[t]he period a prisoner convicted of a <u>nonviolent offense</u> remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added.). The statute "categorically denie[s] early release



eligibility to inmates convicted of violent offenses." Lopez v. Davis, 531 U.S. 230, 238 (2001). Furthermore, the decision whether to grant early release rests solely within the discretion of the BOP. Id. at 241. The BOP has promulgated regulations with respect to the early release of prisoners who successfully complete RDAP. In pertinent part, 28 C.F.R. § 550.55(b) provides:

> Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> (4) Inmates who have a prior felony or misdemeanor conviction for:
> . . . .
>     (i) Homicide . . .
> . . . .
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section[.]

The Supreme Court has upheld this regulation as a permissible exercise of the BOP's discretion. Lopez, 531 U.S. at 244 ("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . . .").

Before the defendant was sentenced in the above-captioned case, he had been convicted of accessory after the fact of murder, in violation of S.C. Code Ann. § 17-21-60. Accordingly, the BOP correctly found the defendant ineligible for early release pursuant to 18 U.S.C. § 3621(e). The defendant's motion (ECF No. 70) is denied.

**AND IT IS SO ORDERED.**

_C. Weston Houck_
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

December 27, 2012
Charleston, South Carolina